UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE CHRISTINE LAEL BAUMER,

    Petitioner,                                      Civil No. 2:08-CV-15075
                                                              HONORABLE PAUL D. BORMAN
v.                                                         UNITED STATES DISTRICT JUDGE

SUSAN DAVIS

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**.

    Julie Christine Lael Baumer, ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her application, filed through her counsel Carl Marlinga and Charles I. Lugosi, petitioner challenges her conviction for first-degree child abuse, M.C.L.A. 750.126b(2). Respondent has filed a motion to dismiss the petition on the ground that petitioner is seeking to raise claims which have not been exhausted with the state courts. For the reasons stated below, in lieu of dismissing the petition, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust her additional claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

**I. Background**

    Petitioner was convicted of the above offense following a jury trial in the Macomb County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Baumer,* No.

1

267373 (Mich.Ct.App. April 12, 2007); *lv. den.* 480 Mich. 856; 737 N.W. 2d 729 (2007).

Petitioner now seeks a writ of habeas corpus. Although it is difficult to delineate the claims precisely, it appears that petitioner is raising the following claims:

> I. Julie Baumer was denied the effective assistance of trial and appellate counsel, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
>
> II. Julie Baumer was convicted on evidence insufficient to constitute proof beyond a reasonable doubt, in violation of the Fourteenth Amendment and *In re Winship*, 397 US 358 (1970).
>
> III. Newly discovered evidence and evidence not presented to the jury due to constitutional violations demonstrate that Julie Baumer is actually innocent under the standards set forth in *Schlup v Delo*, 513 US 298 (1995) and *Herrera v Collins*, 506 US 390 (1993).

It also appears that petitioner may be raising these claims:

> IV. Exclusion of Dr. Ophoven's testimony (pursuant to M.R.E. 703)(Petition, p. 13).
>
> V. Subsidiary claims. "Several subsidiary claims require further factual review." (Petition, pp. 15-16).

## II. Discussion

The instant petition is subject to dismissal because it contains several claims which have not been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

In the present case, a number of petitioner's claims have not yet been presented to the state courts. First, petitioner has presented to this Court several ineffective assistance of trial counsel claims which have yet to be presented to the state courts. Specifically, petitioner claims that trial counsel was ineffective for failing to consult with or present the testimony of an expert radiologist, ineffectively apprised petitioner about her right to testify, and failed to raise the the defense of venous sinus thrombosis (VST). Although petitioner raised a claim in her direct appeal that counsel was ineffective for waiving the admission of fetal monitoring strips, which would have established that the injuries to the child could have resulted at birth, petitioner did not raise these additional ineffective assistance of trial counsel claims before the Michigan appellate courts on her direct appeal.

The federal courts do not have jurisdiction to consider a claim in a habeas petition that was not fairly presented to the state courts, and a claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000). A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990)). Because petitioner's ineffective assistance of counsel claims involving the failure to present the testimony of an expert radiologist, the failure to apprise petitioner of her right to testify, and the failure to raise a VST defense are different

3

than the ineffective assistance of counsel claim that was presented during petitioner's appeal of right, these claims have not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)).

In addition, petitioner's ineffective assistance of appellate counsel claim has not yet been presented to the state courts. A claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement. *See e.g. Coleman v. Metrish*, 476 F. Supp. 2d 721, 732 (E.D. Mich. 2007).

Petitioner additionally claims that she has newly discovered evidence that would establish that she is actually innocent of the crime. Petitioner is required to present her actual innocence claim to the state courts before a federal court can consider such a claim on habeas review. *See e.g. Howard v. Wolfe,* 199 Fed. Appx. 529, 532 (6th Cir. 2006); *Cammuse v. Morgan,* 105 Fed. Appx. 667, 669 (6th Cir. 2004).

Moreover, petitioner admits that her claim involving the exclusion of Dr. Ophoven's testimony has never been presented to the Michigan courts. Finally, petitioner contends that "[S]everal subsidary claims require further factual review." None of these claims have been presented to the state courts either.

This Court concludes that several of petitioner's claims have not been exhausted, because they were not presented as federal constitutional claims with the state courts. A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F. 3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F.

4

3d at 423. Moreover, with the AEDPA, Congress made it clear that the only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424.

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could therefore exhaust these claims by filing a post-conviction motion for relief from judgment with the Macomb County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of her post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that she would raise in her post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of these issues in the state courts.

A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be

time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278. [1]

Petitioner's claims do not appear to be "plainly meritless." Further, petitioner may assert that she did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *See e.g. Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005). This Court has previously found that an appellate attorney's alleged ineffectiveness constituted "good cause" to justify holding a habeas petition in abeyance pending the petitioner's return to the state courts. *See Scott v. Lafler,* No. 2007 WL 2002731, * 2 (E.D. Mich. July 5, 2007). Other judges in this district have reached the same conclusion. *See e.g. Taylor v. Prelesnik,* No. 2008 WL 3853300, * 3 (E.D. Mich. August 18, 2008)(Duggan, J.); *Chambers v. White,* No. 2006 WL 276738, * 3 (E.D. Mich. February 2, 2006)(Cohn, J.)*; Boyd v. Jones,* No. 2005 WL 2656639, * 4 (E.D. Mich. October 14, 2005)(Roberts, J). Finally, it does not appear that petitioner has

---

[1] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 Fed. Appx. 414, 422, n. 7 (6th Cir. 2005).

engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278.  To ensure that petitioner does not delay in exhausting her state court remedies, the Court imposes upon petitioner time limits within which she must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present her claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See id.*  Further, she must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.*  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### III. ORDER

Accordingly, **IT IS ORDERED** that that petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order.  If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, she shall notify this Court that such motion papers have been filed in state court.  The case shall then be held in abeyance pending the petitioner's exhaustion of the claim or claims.  The petitioner shall re-file her habeas petition within 60 days after the conclusion of the state court post-conviction proceedings.  Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

This tolling is conditioned upon petitioner re-filing her habeas petition under the current caption and case number within **sixty (60) days** after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**


                                                        s/Paul D. Borman
                                                        PAUL D. BORMAN
                                                        UNITED STATES DISTRICT JUDGE

Dated:  August 6, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 6, 2009.


                                                        s/Denise Goodine
                                                        Case Manager